## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

v.

Case No.: 1:20-cr-44
Hon. John E. Jones III

CRAIG M. KILLMEYER,

Defendant.

## DEFENDANT'S SENTENCING MEMORANDUM

Comes now the defendant, Craig M. Killmeyer, by his attorney, and with respect to the matter of his sentencing in above-captioned case, humbly offers the following:

## INTRODUCTION

The overriding issue for the Court in sentencing is to determine what sentence is "sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. §3553 (a) (2)," taking into consideration "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. §3553(a)(1). *See* also, *U.S. v. Booker*, 125 S.Ct. 738 (2005).

The facts of this case and the background and characteristics of the defendant illustrate that a technical application of the advisory guidelines resulting ultimately in a range of 78-97 months would be unjust and that such a sentence as suggested by the advisory guidelines and noted in the PSR is "greater than necessary."

## BACKGROUND AND CHARACTERISTICS

Mr. Killmeyer comes from a very traditional, hard-working all-American family. He was raised in Pennsylvania and has spent essentially his entire life right here. Craig was the youngest of five siblings, each of whom are well-educated and have led very productive, law-abiding lives in their respective communities. Neither of Craig's parents nor any of his siblings have ever had any type of brush with the law.

The defendant has been gainfully employed since he began working in his late teens for Agway, Inc. Mr. Killmeyer spent more than twenty years with Agway as a very trusted and valued employee and ultimately put himself through college during his tenure with the company. Craig ultimately received his B.S.B.Ad. degree from California University of Pennsylvania in 1992. Following his departure from Agway, and after a brief stint with the *Evening Sun* newspaper in Hanover, and "Friends of National Parks" in Gettysburg, he signed on with Pilot Travel Centers in 2005 and has remained there ever since. By the accounts of all of his employers, Craig has always been a trusted and loyal "company man". No one can recall there ever being a negative review or write-up at any point in Craig's employment history. (Counsel is providing for the Court's review two annual performance reviews of the defendant as obtained from Pilot Travel Centers. These reports are from the years 2018 and 2019 and are the only reports that counsel was able to obtain. As per the clerk's directives, these reports are being forwarded via regular mail to the Court, counsel, and the probation officer.)

It should also be noted that Mr. Killmeyer has never abused any type of drug, nor alcohol. He has never owned a gun.

When Craig was nearly forty years old, he married for the first time. This marriage was in April, 2003 to Denise Carper, a woman nine years his senior. The couple did not have any

children of their own but Ms. Carper had three children from an earlier marriage, one of whom

was a Pennsylvania State Trooper.  Prior to the evolution of these events, Mr. Killmeyer's

relationship with his wife and his wife's children was always positive and loving.  In late 2019,

the couple were divorced and the defendant's wife relocated outside of Pennsylvania.  According

to her, the dissolution of the couple's marriage was the result of the behavior of the defendant as

revealed by this investigation.

## ADDICTION / EVALUATION / THERAPY

As with many marriages, when Mr. Killmeyer's wife Denise began to experience

menopause in her mid-50's, the couple grew more and more distant emotionally as Denise began

to lose interest in her intimate relationship with the defendant.  After the passage of some time

and in the context of these circumstances, Craig began to explore "apps" and advertisements for

chat rooms on the internet to satisfy his need for some form of companionship and validation.

His first foray into this realm of cyberspace was in March 2018.  Over the next several months,

his early experiences with these adult chat rooms became somewhat of an addiction.  While these

endeavors did include the illegal viewing and sharing of pornographic materials, some of which

included underaged and pre-pubescent females, there was no evidence at all of any attempt on

Craig's behalf to arrange to contact any of the individuals with whom he shared these internet

conversations.  This entire episode of Mr. Killmeyer's life ended in early December 2018 when

federal agents appeared at his doorstep early one morning with a warrant to search his residence.

On July 23, 2019, Mr. Killmeyer appeared for a Sex Offender Specific evaluation with

highly-respected forensic psychologist, Dr. Jennifer Myers.  This evaluation was arranged by

counsel.  Dr. Myers' evaluation of the defendant was quite thorough and her report bearing date

July 29, 2019 is likewise being forwarded via regular mail. The undersigned respectfully submits that Dr. Myers' report is a must-read for all parties interested in the matter of the defendant's sentencing in this case. You will note among her conclusions and recommendations, her finding that Mr. Killmeyer is not a sexual predator. In fact, there has never been any signs, indications or other evidence prior to these episodic events in 2018, that Mr. Killmeyer had any interest or tendencies toward pedophilia. As Dr. Myers points out, Craig's sexual offense was virtual in nature, and was not a violent or coercive act. She finds him to be at low risk to re-offend.

On October 5, 2020, the defendant began receiving individual therapy at Palmer Counseling Services in Chambersburg, Pennsylvania. He has faithfully attended these sessions every two weeks since that date and reports that he has received significant benefit from those meetings. Craig has acquired an understanding of his addiction which he is confident will permit him to move forward in his life without any real desire to return to the type of activity which led him to this point. Counsel has spoken at length with his therapist, Valerie Palmer, who has extolled the commitment of the defendant to meaningfully address the underlying issues at hand and also his acceptance of his own personal responsibility for his current circumstances. At the request of counsel, Ms. Palmer has provided, for the Court's review, a brief status report regarding Mr. Killmeyer which is included in the regular mailing referenced above.

## CONCLUSION

In this case, the Government and the defendant are joining in a recommendation that the Court impose as its sentence the mandatory minimum term of imprisonment of five years (See page 9/para.13 of the parties' plea agreement). In addition, counsel respectfully submits that

there are numerous mitigating factors in this case which support that joint recommendation and were considered by the parties prior to entering into that agreement.  More specifically, counsel would ask the Court to consider the following:

- The defendant not only has no criminal history whatsoever but he has also never before displayed any signs of misconduct similar to that alleged in this case, nor any other signs of pedophilic behavior;

- From the very first time the federal agents appeared at his doorstep, the defendant has completely cooperated with the Government's investigation and furthermore, he has completely accepted responsibility for his misconduct;

- Mr. Killmeyer has been determined to not be a sexual predator and also to be at low risk to reoffend;

- The conduct at issue covered but a relatively brief of period of the defendant's life;

- Mr. Killmeyer voluntarily submitted to a thorough Sex Offender Specific evaluation and thereupon followed through with the therapeutic recommendations rendered by the forensic psychologist;

- According to each and every party interviewed, Craig appears genuinely and sincerely remorseful and regretful of his behavior, as well as his desire and intent to not return to the type of conduct which has brought him before the Court;

- He has faithfully followed and abided by all rules, terms and conditions of his pre-trial release.

For all of the foregoing reasons, the defendant respectfully submits that a downward variance is appropriate in this case and that a sentence not to exceed the applicable mandatory

minimum would promote justice with respect to this matter and would likewise fulfill the

requirements of 18 U.S.C. §3553(a)(2).

Date:  February 8, 2021

Respectfully submitted,

___/s/  Thomas G. Dyer
Thomas G. Dyer
Dyer Law
349 Washington Avenue
P. O. Box 1332
Clarksburg, WV  26302
(304) 622-1635
dyerlawof@aol.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

**UNITED STATES OF AMERICA,**

**v.**

**Case No.:  1:20-cr-44
Hon. John E. Jones III**

**CRAIG M. KILLMEYER,**

**Defendant.**

CERTIFICATE OF SERVICE

I hereby certify that on 8th day of February, 2021, I electronically filed the above

*Defendant's Sentencing Memorandum* with the Clerk of the Court using the CM/ECF system,

which provided notice to all parties in this matter.

/s/  Thomas G. Dyer
Thomas G. Dyer,  WVSB#  4579
Dyer Law
349 Washington Ave.
Clarksburg, WV  26302
(304) 622-1635
dyerlawof@aol.com